NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARIANO ERNESTO JIMENEZ, *Appellant.*

No. 1 CA-CR 13-0937
FILED 12-11-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2013-418261-001
The Honorable Jeanne Garcia, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Mariano Ernesto Jimenez ("Appellant")[1] appeals his convictions and sentences for theft, fraudulent schemes and artifices, and trafficking in stolen property. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). Although this court allowed Appellant to file a supplemental brief *in propria persona*, he has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2014),[2] 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY[3]

¶3        On May 9, 2013, a grand jury issued an indictment, charging Appellant with Count I, theft, a class three felony, in violation of A.R.S. § 13-1802(A), (G); Count II, fraudulent schemes and artifices, a class two felony, in violation of A.R.S. § 13-2310(A); and Count III, trafficking in stolen property, a class two felony, in violation of A.R.S. § 13-2307(B). Before trial, the State alleged Appellant had ten historical prior felony convictions, and further alleged the existence of aggravating circumstances other than prior convictions.

¶4        At trial, the State presented the following evidence: In the spring of 2013, the owner of a local flower shop alerted the Scottsdale Police

---

[1]        Appellant is also known as Ernesto Mariano Jimenez and Ernie Tafoya Jimenez.

[2]        We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[3]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

Department that Appellant, a flower shop employee, might be involved in the fraudulent use of a gasoline credit card owned by the shop. Police officers began surveillance of Appellant on April 24, 2013.

¶5        That day, police officers observed Appellant drive the flower shop's van to a convenience store gas station in Phoenix. Appellant filled the van with gasoline, made some cell phone calls, and waited by the gas pump. Shortly thereafter, two vehicles, driven by Alva Vasquez and her husband, Hugo Hernandez Diaz, pulled up to the gas pumps beside Appellant. Appellant greeted and spoke with the drivers before filling both of their vehicles with gasoline using a credit card. An exchange and further conversation occurred between the drivers and Appellant.[4]

¶6        After the drivers of the other vehicles and Appellant each drove away from the station, all three vehicles were separately pulled over by the police. Appellant was placed under arrest and searched, and police discovered on his person the cell phone, a receipt, a gasoline fleet credit card belonging to the flower shop, and $270 in currency.[5] After his arrest, Appellant spontaneously asked the arresting officer what the officer would do if he (the officer) hadn't had a pay raise in five years.

¶7        At trial, Alva Vasquez testified that, on April 24, 2013, she met a man who had previously sold gasoline to her at a reduced rate, and he offered to do so again. She accepted and followed him to the gas station, where she called her husband, who soon arrived. The man who offered her the gasoline did not work at the gas station; nonetheless, he filled up her car with approximately seventy or eighty dollars' worth of gasoline, and she paid him approximately thirty or forty dollars in currency. Vasquez testified she had previously met and purchased gasoline from the same man, but claimed she was unable to identify the man from whom she had purchased the gas.

¶8        Hugo Hernandez Diaz testified that, on April 24, 2013, he went to the gas station because his wife had met someone who offered to sell gasoline to them at a reduced rate. Diaz paid the man who pumped the gasoline forty dollars for approximately eighty dollars' worth of gasoline.

---

[4]        Police videotaped Appellant at the gas station, and the videotape was played to the jury at trial.

[5]        Appellant had two one hundred dollar bills and seventy dollars in other currency.

¶9 The owner of the flower shop testified that the shop had fleet credit cards used by employees to buy gasoline, and he had received information about theft regarding the shop's credit cards. The flower shop tracked activity on its credit cards, as well as who had checked out vehicles and credit cards. The shop also produced "trip status" reports that tracked deliveries by the date, time, store, and driver. After receiving information about the possible theft of gasoline, the owner went through the shop's records and found numerous instances in which a shop credit card had been used multiple times at the same gas station within minutes of each use. The owner also discovered Appellant was tied to numerous dates in which a credit card had been used multiple times within a few minutes. For example, on October 6, 2012, within less than four minutes, Appellant had used the credit card to make separate gasoline purchases of twenty-seven, twenty-four, nineteen, and twenty-four gallons.[6] Similar transactions occurred numerous times between October 6, 2012, and April 24, 2013, and accounted for more than $5,000 in fraudulent gas purchases by Appellant.

¶10 Appellant chose not to testify at trial. The jury found Appellant guilty as charged and that the crimes were committed with the expectation of pecuniary gain. On the day of sentencing, the trial court found Appellant had at least three historical prior felony convictions. The court sentenced Appellant to concurrent, fully mitigated terms of 7.5 years' imprisonment in the Arizona Department of Corrections for Count I, and 10.5 years' imprisonment each for Counts II and III, with credit for 228 days of presentence incarceration. Appellant filed a timely notice of appeal.

## II. ANALYSIS

¶11 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended.

---

6   Also, Appellant had purchased as much as 35.117 gallons in a single purchase, despite the fact that the delivery van's tank capacity was only 31 gallons.

Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## III. CONCLUSION

¶13        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh